LAW OFFICES OF JEFFREY C. McINTYRE
JEFFREY C. McINTYRE (SBN 62088)
SARAH A. SWANSON (SBN 299525)
ROBERT GARCIA JR. (SBN 150091)
9570 Topanga Canyon Blvd.
Chatsworth, California 91311
Telephone: (818) 643-7100
Facsimile: (818) 643-7070

Attorneys for Plaintiff
MESHELL BYBEE


SEYFARTH SHAW LLP
Laura Wilson Shelby (SBN 151870)
lshelby@seyfarth.com
Myra B. Villamor (SBN 232912)
mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESHELL BYBEE,<br><br>        Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, a California corporation; and DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No. 2:19-cv-02072-AB-JC<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>[DISCOVERY MATTER]<br><br>Complaint Filed: February 4, 2019 |

IT IS HEREBY STIPULATED by and between the parties Plaintiff Meshell Bybee and Defendant Costco Wholesale Corporation (collectively the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding Case No. 2:19-cv-02072-AB-JC.

    b. "Court" means the Hon. Andre Birotte, Jr., or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

    d. "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    e. "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential."

    f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents or Testimony.

i. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. The designation of documents, deposition testimony, or other materials as "Confidential" pursuant to this Agreement and Order shall not be construed as a concession by any party that such information is relevant or material to any issue, or in fact is confidential, proprietary, or a trade secret under applicable state or federal law.

5. Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

6. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony

or Information to counsel for the producing Party and shall retain only the "Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

7. Any party may challenge a designation of documents, deposition testimony, or other materials as "Confidential" by notifying counsel for the designating party in writing that the document or item does not qualify for confidential treatment pursuant to Local Rule 37-1 et seq. Failure to challenge such designation in writing within fifteen (15) court days of the designation of information as "Confidential" will constitute waiver of a party's right to challenge the designation. The parties shall attempt to resolve such challenges informally. In the event such an attempt is unsuccessful, the challenging party may, within fifteen (15) court days of the completion of such attempt, formally oppose such designation of confidentiality by moving the Court for a motion to compel an answer, response or production without the limitations imposed by said designation of confidentiality, pursuant to the procedure in Local Rule 37-1 et seq. regarding motions to compel.

8. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

    a. the Court;

    b. (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff

| | |
|---|---|
| 1 | employed by such counsel. Provided, however, that each non-lawyer given access to |
| 2 | Confidential Materials shall be advised that such materials are being Disclosed pursuant |
| 3 | to, and are subject to, the terms of this Stipulation and Protective Order and that they may |
| 4 | not be Disclosed other than pursuant to its terms; |
| 5 |     c.    those officers, directors, partners, members, employees and agents of |
| 6 | all non-designating Parties that counsel for such Parties deems necessary to aid counsel in |
| 7 | the prosecution and defense of this Proceeding; provided, however, that prior to the |
| 8 | Disclosure of Confidential Materials to any such officer, director, partner, member, |
| 9 | employee or agent, counsel for the Party making the Disclosure shall deliver a copy of |
| 10 | this Stipulation and Protective Order to such person, shall explain that such person is |
| 11 | bound to follow the terms of such Order, and shall secure the signature of such person on |
| 12 | a statement in the form attached hereto as Exhibit "A"; |
| 13 |     d.    court reporters in this Proceeding (whether at depositions, hearings, or |
| 14 | any other proceeding); |
| 15 |     e.    any deposition, trial, or hearing witness in the Proceeding who |
| 16 | previously has had access to the Confidential Materials, or who is currently or was |
| 17 | previously an officer, director, partner, member, employee or agent of an entity that has |
| 18 | had access to the Confidential Materials. However, disclosure shall not be permitted to an |
| 19 | employee who is not a witness and/or does not otherwise have access to Confidential |
| 20 | Materials; |
| 21 |     f.    any deposition or non-trial hearing witness in the Proceeding who |
| 22 | previously did not have access to the Confidential Materials; provided, however, that |
| 23 | each such witness given access to Confidential Materials shall be advised that such |
| 24 | materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation |
| 25 | and Protective Order and that they may not be Disclosed other than pursuant to its terms; |
| 26 |     g.    mock jury participants, provided, however, that prior to the Disclosure |
| 27 | of Confidential Materials to any such mock jury participant, counsel for the Party making |
| 28 | the Disclosure shall deliver a copy of this Stipulation and Protective Order to such |

person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A".

   h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A". It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

   i. any other person or entity that the Designating Party agrees to in writing.

 9. Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

 10. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

 11. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

   a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets,

60346093v.1

1 proprietary, confidential or competitively sensitive business, commercial, financial or
2 personal information; or

3       b.    prejudice in any way the right of any Party (or any other person
4 subject to the terms of this Stipulation and Protective Order):

5       i.    to seek a determination by the Court of whether any particular
6 Confidential Materials should be subject to protection under the terms of this Stipulation
7 and Protective Order; or

8       ii.    to seek relief from the Court on appropriate notice to all other
9 Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order,
10 either generally or as to any particular Document, Material or Information.

11     12.    Any Party to the Proceeding who has not executed this Stipulation and
12 Protective Order as of the time it is presented to the Court for signature may thereafter
13 become a Party to this Stipulation and Protective Order by its counsel's signing and
14 dating a copy thereof and filing the same with the Court, and serving copies of such
15 signed and dated copy upon the other Parties to this Stipulation and Protective Order.

16     13.    Any Information that may be produced by a non-Party witness in discovery
17 in the Proceeding pursuant to subpoena or otherwise may be designated by such non-
18 Party as "Confidential" under the terms of this Stipulation and Protective Order, and any
19 such designation by a non-Party shall have the same force and effect, and create the same
20 duties and obligations, as if made by one of the undersigned Parties hereto. Any such
21 designation shall also function as consent by such producing non-Party to the authority of
22 the Court in the Proceeding to resolve and conclusively determine any motion or other
23 application made by any person or Party with respect to such designation, or any other
24 matter otherwise arising under this Stipulation and Protective Order.

25     14.    If any person subject to this Stipulation and Protective Order who has
26 custody of any Confidential Materials receives a subpoena or other process ("Subpoena")
27 from any government or other person or entity demanding production of such materials,
28 the recipient of the Subpoena shall promptly give notice of the same by electronic mail

transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file Confidential Materials or Information derived therefrom under seal.

19. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials at trial and the Designating Party shall move the Court for entry of an appropriate order.

20. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

21. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

22. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, one copy of each pleading filed with the Court, and one copy of each deposition together with the exhibits marked at the deposition, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

60346093v.1

23. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

24. The Parties and all signatories to the Certification attached hereto as Exhibit "A" agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

25. This Stipulation and Protective Order may be executed in counterparts.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Myra B. Villamor, hereby certify that the content of this document is acceptable to Sarah A. Swanson, counsel for Plaintiff, and that Ms. Swanson has provided her authorization to affix her electronic signature to this document.

IT IS SO STIPULATED.

DATED: November 22, 2019　　　　LAW OFFICES OF JEFFREY C. MCINTYRE.

By: */s/ Sarah A. Swanson*
　　Jeffrey C. McIntyre
　　Robert Garcia, Jr.
　　Sarah A. Swanson

Attorneys for Plaintiff
MESHELL BYBEE

| | | |
|---|---|---|
| 1 | DATED: November 22, 2019 | SEYFARTH SHAW LLP |
| 2 | | |
| 3 | | By: */s/ Myra B. Villamor* |
| 4 | | Myra B. Villamor<br>Laura Wilson Shelby |
| 5 | | Attorneys for Defendant |
| 6 | | COSTCO WHOLESALE CORPORATION |

11

STIPULATION AND PROTECTIVE ORDER

60346093v.1

# **ORDER**

Good cause having been established by Stipulation of the Parties, IT IS HEREBY ORDERED,

1. The Parties' Stipulation for Protective Order and attached Exhibit "A," is hereby entered in its entirety as an Order of this Court.

DATED: November 25, 2019

/s /
HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# EXHIBIT A

## ACKNOWLEDGMENT AND RECEIPT OF PROTECTIVE ORDER

I, _____, acknowledge that I am about to receive Confidential Materials supplied in connection with the Proceeding, Case No. 2:19-cv-02072-AB-JC. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

Dated:_____      _____
                                  Signature

                                 _____
                                  Print Name